Zheng v. Holder

BIA
A087 759 378

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT:
    DENNIS JACOBS,
    RICHARD C. WESLEY,
    PETER W. HALL,
        *Circuit Judges.*

_____

ZHUN ZHENG,
        *Petitioner,*

        v.                                    12-4747
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Leslie McKay, Assistant
                         Director; Allison Frayer, Trial
                         Attorney, Civil Division, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhun Zheng, a native and citizen of the People's Republic of China, seeks review of a November 8, 2012, order of the BIA affirming the January 24, 2011, decision of Immigration Judge ("IJ") Randa Zagzoug denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Zhun Zheng*, No. A087 759 378 (B.I.A. Nov. 8, 2012), *aff'g* No. A087 759 378 (Immig. Ct. N.Y. City Jan. 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's finding that Zheng's testimony was not credible. The agency's adverse credibility determination is supported by substantial

evidence: demeanor, omissions, and failure to corroborate. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Demeanor.  The IJ found that Zheng's demeanor called his credibility into question, a finding that commands "particular weight." *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  And the agency was not compelled to accept Zheng's explanation for his demeanor.  *Id.* at 80.

Omissions.  Zheng omitted from his asylum application a number of significant events, including a near-drowning that inspired his conversion to Christianity, his seeking of medical attention after he was arrested and beaten, and authorities' continued search for him in China.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").  Moreover, Zheng was unable to explain convincingly why he was not baptized in China.

Corroboration.  The determination is further supported by the lack of reliable corroboration.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The agency did

not err in assigning limited or no weight to Zheng's supporting evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) ("[t]he weight to afford to [an asylum applicant's] evidence lies largely within the discretion of the IJ." ((internal quotation marks and alterations omitted)). Zheng sought to corroborate his attendance at a church in the United States with a certificate presented at the hearing, but he did not provide testimony from a church official, or testimony or other evidence from his father or the friend who introduced him to the church. Zheng presented unsigned, uncorroborated evidence of his church attendance in China, which appeared to have been prepared for the hearing, and was unable to name the author of the document even though he testified the individual had been the leader of his church in China. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (rejecting an unauthenticated document obtained for the purposes of the hearing), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Finally, letters from Zheng's mother and friend were properly afforded limited weight given the other problems with Zheng's credibility. *Id.* at 215; *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007).

4

Because Zheng's withholding of removal and CAT claims depend on the same factual predicate as the asylum claim, the agency's adverse credibility determination is also dispositive of those forms of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5